UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

                                          **MEMORANDUM OPINION**
v.                                      **AND ORDER**
                                          Criminal No. 17-53(3) ADM/HB

Abraham Suazo,

        Defendant.

_____

Bradley M. Endicott, Assistant United States Attorney, United States Attorney's Office, St. Paul, MN, on behalf of Plaintiff.

Susan E. Gaertner, Esq., Lathrop GPM, LLP, Minneapolis, MN, on behalf of Defendant.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Abraham Suazo's ("Suazo") Motion for Compassionate Release and to Modify Sentence of Imprisonment [Docket No. 129].  Suazo requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On May 15, 2017, Suazo entered a plea of guilty to conspiracy with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  See Min. Entry [Docket No. 43]; Plea Agreement [Docket No. 45].  Suazo admitted in the Plea Agreement that, while traveling from California to Minnesota in February 2017, law enforcement stopped him for speeding and found 92 pounds of methamphetamine hidden inside his van.  Plea Agreement ¶ 2.  Suazo was delivering the methamphetamine to a residence in

Eagan, Minnesota, where law enforcement arrested two additional co-conspirators. Presentence Investigation Report ("PSR") [Docket No. 56] ¶ 9. At the residence, law enforcement seized $118,500 in cash and an additional 9.6 pounds of methamphetamine. Id. ¶ 10. Suazo admitted that from 2016 to 2017, he had made at least five prior trips to deliver methamphetamine to other locations in the United States. Id. ¶ 17.

In September 2017, Suazo was sentenced to a mandatory minimum prison term of 120 months. Min. Entry [Docket No. 81]; Sentencing J. [Docket No. 82] at 2. The sentence was a downward departure from the applicable sentencing guidelines range of 235 to 293 months. Statement Reasons [Docket No. 83] at 1, 4. Suazo's co-defendants also received sentences of 120 months. See Sentencing J. [Docket No. 118] at 2; Sentencing J. [Docket No. 111] at 2.

Suazo is currently incarcerated at the United States Penitentiary in Lompoc, California ("USP Lompoc") and has completed less than half of his sentence. Def. App'x [Docket No. 131, Attach. 1] Ex. 2. His projected release date is August 17, 2025. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 11, 2021).

While in custody, Suazo has availed himself of educational programs and work opportunities. He obtained his GED, completed a 12-hour long drug education program, is awaiting placement in the BOP's drug treatment program, and has taken several courses including Employment After Prison, Starting a Small Business, Character Education, and Making Good Choices. Def. App'x Ex. 4. Suazo is also employed as an orderly and participates in the prison's ministry program. Def. App'x Ex. 6. He has not incurred any disciplinary violations while in custody. Id.

Suazo now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Suazo, age 39, argues that he suffers from obesity, hypertension, and hyperlipidemia (high cholesterol), and that these conditions make him particularly vulnerable to severe illness or death if he were to contract COVID-19. Suazo argues the close confines in prison prevent him from mitigating the risk of contracting COVID-19 because social distancing is nearly impossible.

USP Lompoc recently experienced a COVID-19 outbreak, and reports that although 160 inmates and 28 staff members have recovered from the virus, 54 active cases remain among prisoners and staff members, and two inmates have died. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Jan. 11, 2021). USP Lompoc and the Lompoc Federal Correctional Institution ("Lompoc FCI") were inspected by a court-appointed epidemiologist in September 2020. See Def. App'x Ex. 9. The epidemiologist noted that inmates requesting sick call sometimes waited more than a week to be seen, and that "[m]ultiple patients who died from COVID-19 appear not to have received regular or timely medical assessment *after* being identified as ill with COVID-19." Id. at 18 (emphasis in original).

Suazo tested positive for COVID-19 in June and July 2020 and has since recovered. Def. App'x Ex. 7 [Docket No. 130, Attach. 1] at 33-37, 39-41. His medical records do not indicate that he developed any serious complications from COVID-19 after testing positive.

Suazo argues that his medical conditions, combined with the COVID-19 pandemic and the allegedly inadequate health care at USP Lompoc, constitute extraordinary and compelling circumstances that warrant his release. Suazo's reentry plan, approved by the United States Probation Office, includes residing with his wife and seven children in Banning, California. See Def. App'x Ex. 6 at 2; Compass. Release Investig. [Docket No. 125].

The Government opposes Suazo's Motion, arguing that a sentence reduction is not warranted because Suazo would pose a danger to the community if released and because the § 3553(a) sentencing factors weigh against reducing his sentence.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement."  U.S.S.G. § 1B1.13 comment n.3.  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring

4

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The parties agree that Suazo has satisfied the exhaustion requirement because he filed a request for release with the Warden of his facility in August 2020 and did not receive a response. Def. App'x Ex. 6 at 5; Gov't Resp. Opp'n [Docket No. 132] at 11. His motion is therefore ripe for review.

When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

Suazo argues he is particularly susceptible to COVID-19 because he is obese and also has hypertension and hyperlipidemia. Suazo's body mass index ("BMI") measurement was 38.9 in August 2020, which meets the Centers for Disease Control and Prevention's ("CDC") definition of obesity (BMI over 30). See Def. Ex. 7 [Docket No. 130, Attach. 1] at 24; CDC, Coronavirus Disease 2019, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 11, 2021). The CDC's guidelines state that people with a BMI over 30 are at an increased risk of severe illness from COVID-19. See id. The Government agrees that Suazo's obesity presents "a

5

serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." Gov't Resp. Opp'n at 14 (quoting USSG §1B1.13, cmt. n.1(A)(ii)).

The Court concludes that the risk posed by Suazo's obesity is not sufficiently extraordinary and compelling to meet the demanding standard for compassionate release. Suazo is not severely obese, and at age 39 he is younger than the age category of adults most vulnerable to COVID-19. Courts in this district have consistently held that obesity is not an extraordinary and compelling reason that warrants release during the COVID-19 pandemic. See United States v. Wright, No. 17-CR-0301 (WMW/DTS), 2020 WL 7334412, at *4 (D. Minn. Dec. 14, 2020) (citing cases).

Suazo's other medical conditions are not identified by the CDC as risk factors for COVID-19. The CDC guidelines state only that hypertension "might" be at an increased risk for severe illness from COVID-19. See CDC, Coronavirus Disease 2019, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 11, 2021). Hyperlipidemia does not appear on the CDC's list of risk factors at all. See id. Accordingly, Suazo's obesity, hypertension, and hyperlipidemia do not demonstrate extraordinary and compelling reasons warranting a sentence reduction. Suazo's recovery after a positive COVID-19 test last summer suggests that he may have developed some degree of immunity to the virus, and his lack of reported complications from COVID-19 lessens the concern that he would develop severe complications from the virus even if he were reinfected. See United States v. Triplett, No. 02-40131, 2020 WL 5802120, at *4 (D. Kan. Sept. 29, 2020) ("Triplett's lack of

complications after testing positive and the possibility of developing some degree of immunity cannot be ignored in consideration of whether there are extraordinary and compelling reasons warranting a reduction of his sentence.").

Even if Suazo could show extraordinary and compelling circumstances, the Motion would be denied because the sentencing factors in § 3553(a) weigh against Suazo's release. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The nature and circumstances of the offense---transporting 92 pounds of methamphetamine across state lines as a member of a substantial drug trafficking conspiracy---warrant a sentence of 120 months, even when considering Suazo's medical conditions and the presence of COVID-19 at USP Lompoc. Suazo's sentence is already well below the sentencing guidelines range of 235-293 months. Reducing the sentence even further and releasing Suazo after he has served less than half of his sentence would not reflect the seriousness of the offense or promote respect for the law. A reduced sentence would also create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the crime committed.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Abraham Suazo's Motion for Compassionate Release

and to Modify Sentence of Imprisonment [Docket No. 129] is **DENIED**.


Dated: January 11, 2021

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT